IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


**DONNY LEE**                                                                                           **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 3:09cv696-TSL-MTP**

**HAROLD DAVID STORY, INC.**                                                                       **DEFENDANTS**
**D/B/A CEDAR CREEK TRUCKING,**
**WILLIAM J. CHAPMAN, AND JOHN DOES 1-5**

### ORDER DENYING MOTIONS TO AMEND CASE MANAGEMENT ORDER AND ADDRESSING OTHER CASE MANAGEMENT ISSUES

This matter is before the Court on Plaintiff's [121] Motion to Amend the Case Management Order to Extend the Discovery Deadline and his [122] Motion to Amend the Case Management Order to Designate a Toxicology Expert. Having reviewed the submissions of the parties[1] and having conducted a telephonic hearing yesterday, the Court finds that the motions [121] [122] are not supported by good cause and should be denied.

**The Toxicology Expert** – Although Plaintiff filed no supporting briefs in support of his motions [121] [122] as required by the local rules, the standard for allowing the late designation of an expert[2] is based on four factors: 1) the explanation for failing to identify the witness; 2) the importance of the testimony; 3) potential prejudice; and 4) the availability of a continuance to cure any prejudice. *See, e.g., Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990)). Weighing these factors, the Court finds that an additional amendment to the case management

---

[1] Defendants responded to both motions. *See* docket entries [130] [131] [132] [146]. Plaintiff replied. *See* docket entries [143] [144].

[2] The Court will apply the same standard to the request for the discovery extension as to the dispatch records discussed *infra*.

order to allow more experts is unwarranted.

It is unnecessary to rehash the procedural history of this litigation, which was removed to this Court in November 2009, having been filed in state court the previous June. [1]-3. For the purposes of the issues currently before the Court, a good point of beginning is Magistrate Judge Ball's Order [99] of December 27, 2010 addressing several similar discovery motions. Significantly, that order referred to a toxicology report rendered by an expert and provided by Defendant William J. Chapman ("Chapman"). Judge Ball found the report to be "clearly discoverable" but had not been formally requested by the plaintiff. He further found that the existence of the report was known as early as October 12, 2010. *See* Order [99] at p. 3. At the hearing held on these motions, Defendants further advised the Court that Plaintiff himself testified at his deposition that Chapman stated on the date of the accident that he was concerned over whether he would pass a drug test.

Plaintiff was aware of toxicology issues and the existence of drug test results following the accident which is the crux of this cause of action, yet waited until after Chapman's deposition in March 2011[3] and the discovery deadline to claim the need for his own toxicology expert. Indeed, it was known at an early stage that Chapman himself had concerns about passing a drug test, a fact which underlies one of Plaintiff's legal theories for imposing liability. Plaintiff's explanations for failure to identify a toxicology expert until now are unconvincing and weigh against him.

Given the information already in the record about Chapman's use of amphetamines at

---

[3]Chapman's deposition had been set months before, but Plaintiff canceled it at the very last minute as a result of another dispute over records. *See* Order [99].

various times,[4] an expert report is certainly not critical at this point.  Plaintiff has not treated the issue as one of special importance or urgency and the Court finds no significant prejudice to him by disallowing yet another extension of the expert designation deadline.  As already mentioned, this case was filed in 2009 and has had several case management orders.  The parties have been afforded several generous time periods for conducting discovery and designating experts.  The legal theories and the facts needed to support them have (or should have) been known long before now.  Further extensions causing further delay are unwarranted.[5]  *See Hamburger*, 361 F.3d at 883-84 ("Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance.").  *See also Geiserman*, 893 F.2d at 792 ("Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."); *1488, Inc. v. Philsec Investment Corp.*, 939 F.2d 1281, 1288-89 (5th Cir. 1991) (citing *Geiserman*).

**Discovery Extension** – Plaintiff also now claims to need discovery related to dispatch records from the trip on which Chapman was driving when the accident occurred.  After almost two years into this litigation, this information, which is not new and was raised at an earlier deposition, should have been sought well before the close of discovery, which has been extended several times.  Plaintiff has failed to establish real prejudice or any wrongful conduct by Defendants that would justify another extension.  That the parties waited until the discovery deadline (as extended numerous times) to take key depositions is not good cause to continue

---

[4]*See, e.g.,* Plaintiff's Reply [143].

[5]In response to Plaintiff's motions, Defendants expressed the desire to depose Plaintiff's accident reconstruction expert beyond the discovery deadline.  That request has been withdrawn.  Even so, extension of the deadlines for Defendants appears unwarranted as well.

extending the discovery deadline to follow up on matters addressed in those depositions.  *See also* L. U. Civ. R. 7(b)(2)(B) ("A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline.").

**Trial Depositions of Medical Experts** – Finally, depositions of two physicians have been noticed [147] [148], the purposes of which were to preserve the testimony for use at trial and to avoid an appearance at trial.  When the expected cooperation in preserving the testimony was not forthcoming at the hearing, Defendants made an *ore tenus* motion to take these depositions beyond the discovery deadline.  Finding that such depositions will save time and expense and will benefit the parties, the deponents, and the Court, the Court will allow these depositions to go forward as scheduled.  If necessary to preserve trial testimony of timely identified treating physicians, Plaintiff would be afforded the same privilege to schedule such a deposition.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions [121] [122] to amend the case management order to designate an expert and conduct further discovery are **DENIED**.  Further, Defendants shall not be allowed to depose Tim Corbitt, Plaintiff's accident reconstruction expert, beyond the discovery deadline.  Defendants' *ore tenus* motion to depose David Gandy, M.D. and Thomas Cullom, M.D. pursuant to notices [147] [148] is **GRANTED.**

**SO ORDERED** this the 29th day of April, 2011.

s/ Michael T. Parker
United States Magistrate Judge
