UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONNY LEE PLAINTIFF

VS. CIVIL ACTION NO. 3:09CV696TSL-MTP

HAROLD DAVID STORY, INC.
D/B/A CEDAR CREEK TRUCKING;
WILLIAM J. CHAPMAN; AND
JOHN DOES 1-5 DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Harold David Story, Inc. (Story) for partial summary judgment on the direct liability and punitive damages claims against it. Plaintiff Donny Lee has responded to the motion and the court, having considered the memoranda of authorities, together with relevant attachments, submitted by the parties, concludes the motion is well taken and should be granted.

Plaintiff filed this action seeking to recover damages for injuries which he alleges he sustained when the dump truck he was driving was struck from the rear by a tractor-trailer truck owned by defendant Story and operated by defendant William Chapman. According to plaintiff's version of the accident, he had entered the right lane of eastbound Interstate 20 from the shoulder of the highway in his dump truck and had attained a speed of approximately 40 miles per hour when he was struck from the rear by Chapman. According to Chapman's version, the accident occurred

when plaintiff merged onto Interstate 20 from an on-ramp and "swooped and squatted" in front of Chapman's tractor-trailer, causing Chapman to bump the rear of the dump truck at a relatively low speed. Although immediately after the accident, plaintiff reported to the responding officer that he was uninjured and did not want medical attention and drove the dump truck from the scene when cleared by the officer to leave, he claims he later began to notice his injuries and eventually sought medical attention.

Upon arriving at Story's place of business the following day, Chapman was directed to undergo a controlled substance test since he had been in an accident. His employment was terminated that day, and several days later, his drug test came back positive for methamphetamine. Chapman has claimed in this case that he snorted crystal methamphetamine *after* the accident, since he believed that Story would view the accident as his fault and fire him anyway; and while he has disclosed that he also ingested crystal methaphetamine two days before the accident, he maintains he was not impaired in any way at the time of the accident.

In his complaint, plaintiff alleges that Chapman was negligent in various respects, for which negligence Story is alleged to be vicariously liable under respondeat superior principles since at the time of the accident, Chapman was in the course and scope of his employment with Story, hauling a load of

potatoes from Idaho to Atlanta, Georgia. Plaintiff also charges Story with its own negligence in

> failing to supervise its employee; negligent retention of the driver; failing to provide driver safety training courses to its employee; failing to instruct its employee on safe driving habits; failing to stress safe driving habits to its employee; encouraging the employee's unsafe driving habits to further its cause; violations of the Mississippi Rules of the Road; and violation of the Federal Motor Carrier Safety Regulations.

In its motion, Story contends that since it has admitted Chapman was in the course and scope of his employment at the time of the accident and acknowledged that it is therefore subject to vicarious liability for any negligence of Chapman in connection with the subject accident, then plaintiff's direct liability claims against it are redundant and therefore due to be dismissed. The cases consistently support Story's position in this regard.[1]

---

[1]See Welch v. Loftus, – F. Supp. 2d --, 2011 WL 743417, at *2 (S.D. Miss. Feb. 23, 2011) (Reeves, J.) (claims of negligent entrustment and failure to train, supervise and educate driver-employee dismissed where vicarious liability admitted: "Proof of negligent entrustment or the like . . . is unnecessary and duplicitous at best, and at worst, could provide unduly prejudicial evidence that is ultimately irrelevant."); Curd v. Western Express, Inc., Civ. Action Nos. 1:09cv610-LG-RHW, 1:09cv774-LG-RHW, 2010 WL 4537936, at *2 (S.D. Miss. Nov. 2, 2010) (Guirola, J.) (direct liability claims dismissed as "... it is unnecessary for a plaintiff to present evidence of negligent entrustment, or for that matter negligent hiring or training, where the defendant employer admits vicarious liability"); Booker v. Hadley, Civil Action No. 2:08-cv-00172-KS-MTP, 2009 WL 2225411, 1 (S.D. Miss. July 23, 2009) (Starrett, J.) (concluding that the plaintiff's non-respondeat superior claims against employer should be dismissed in light of the defendant employer's admission that employee was acting in the course and scope of his employment at all relevant times); Walker v. Smitty's Supply, Inc., No.

Plaintiff argues, though, that whether or not his allegations of negligence are unnecessary to hold Story liable for compensatory damages, his negligence allegations against Story are pertinent as they bear on and support his punitive damages claim, since "punitive damages can be based on 'aggravating circumstances' where the totality of all the negligent acts of the Defendant is considered."

As defendant Story correctly points out, whereas plaintiff has asserted numerous allegations of gross negligence *by Chapman*, Story cannot be vicariously liable for punitive damages on account of Chapman's gross negligence;[2] and the complaint contains only

---

5:06-CV-30, 2008 WL 2487793 (S.D. Miss. May 8, 2008) (Bramlette, J.) (concluding that "the Supreme Court of Mississippi would approve the dismissal of a claim for negligent entrustment against an employer who has already confessed liability for its employee's conduct under the theory of respondeat superior"); Davis v. ROCOR Int'l, No. 3:00-CV-864, 2001 U.S. Dist. LEXIS 26216, *19-20 (S.D. Miss. Dec. 19, 2001) (Barbour, J.) (reasoning that "[t]he need to show that the employer was negligent in having entrusted a motor vehicle to a driver it knew to be incompetent is obviated by the fact that the employer has admitted liability for any acts taken by that driver."); Cole v. Alton, 567 F. Supp. 1084, 1087 (N.D. Miss. 1983) (concluding that "if confronted with the same question, the Mississippi courts would find summary judgment on a claim of negligent entrustment appropriate where vicarious liability is not disputed"); Nehi Bottling Co. v. Jefferson, 226 Miss. 586, 84 So. 2d 684, 686 (Miss. 1956) (holding that the trial court erroneously admitted testimony relevant to the plaintiff's negligent entrustment claim because the defendants had admitted that the employee had been "within the scope of his employment at the time and place in question").

[2] See Miss. Code Ann. § 11-1-65(1)(a) (providing for punitive damages if ". . . *the defendant against whom punitive damages are sought* acted with actual malice, gross negligence . . . , or committed actual fraud") (emphasis added); Duggins v.

allegations of simple negligence by Story, which are not sufficient to support an award of punitive damages. See Miss. Code Ann. § 11-1-65(1)(a) (providing that "[p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant ... acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud"). The court thus concludes that plaintiff's complaint fails to plead a basis for punitive damages against Story.

However, even if the court were to assume for the sake of argument that plaintiff had pled a claim against Story for punitive damages based on allegations of Story's own negligence, the court would dismiss the claim in any event, as the evidence plainly does not support such claim.[3]

Plaintiff argues (rather redundantly) that Story was negligent because it did not "provide [Chapman] driver safety training" or "instruct [Chapman] on safe driving habits," and that

---

Guardianship of Washington, 632 So. 2d 420, 433 (Miss. 1994) ("This statute absolutely forecloses vicarious liability for punitive damages."); Dawson v. Burnette, 650 F. Supp. 2d 593, 596 n.1 (S.D. Miss. 2009) (motor carrier defendant "would be entitled to summary judgment on [punitive damage] claim in any event, inasmuch as it cannot be held vicariously liable for punitive damages on account of the conduct of its employee").

[3] Plaintiff's argument that claims for punitive damages are as a matter of policy insulated from consideration and dismissal via summary judgment is without merit. See Dawson v. Burnette, 650 F. Supp. 2d 583, 585 (S.D. Miss. 2009)(holding that punitive damages is capable of resolution via summary judgment).

it "failed to stress safe driving habits" and "encouraged unsafe driving by failed to provide [Chapman] driver safety training." In this vein, he argues that Story did not make sure that Chapman had read the FMCSR (which, among other things, prohibits driving a commercial vehicle while under the influence of drugs and requires that drivers maintain accurate logbooks); it did not provide him with any type of safe training or defensive driving training; it did not make him watch any videos or attend any classes or receive any documents about how to safely operate a tractor-trailer; and it did not do any follow up from the initial hiring to ensure that Chapman was complying with FMCSR or company policies. Yet there is nothing in the record that would support a reasonable finding that a failure to provide Chapman driver training amounted to negligence. Nothing in the FMCSR required that Story provide Chapman with driver-safety training, and the circumstances did not indicate that Chapman needed such training or instruction. Chapman had fifteen-years' experience operating tractor-trailers prior to being hired by Story, during which time he had logged around three million miles; and in his previous fifteen years of commercial truck driving, he had been involved in only one accident more than twenty years before going to work for Story. Story would certainly have been warranted in concluding that

Chapman already knew how to safely operate a tractor-trailer when it hired him.[4]

Plaintiff further charges that Story was negligent in failing to adequately supervise Chapman, and in retaining him in its employ, as evidenced by the facts that Chapman only called in "once a day to [Story] and had very little contact with the company" while he was out on the road; that after hiring Chapman, Story did not follow up to ensure he was complying with the FMCSR, or with company policies, which prohibit "taking or having in your possession or having in your vehicle drugs, or any other controlled substance"; that although Chapman has admitted there were times he was under the influence of amphetamines while operating a tractor-trailer, Story's dispatcher never asked him if he was operating within the confines of the FMCSR and did not verify that he was not using drugs while operating the tractor-trailer; and that no one with Story required Chapman to tell them he had a drug problem. None of this amounts to negligence, much less gross negligence.

---

[4] The court notes that there is no allegation, nor any basis for an allegation that Story was negligent in hiring Chapman. Indeed, as Story points out, Chapman admittedly satisfied the criteria established by the Federal Motor Carrier Safety Regulations (FMCSR) governing the qualifications of a driver of a commercial motor vehicle, 49 C.F.R. § 391.11; and Story complied with all applicable regulations in hiring Chapman, including requiring that he undergo a controlled substance test as required by 49 C.F.R. § 382.301, and running a motor vehicle report upon him to confirm that Chapman was qualified under 49 C.F.R. § 383.51 to operate a commercial motor vehicle.

First, as defendant notes, Chapman has provided unrefuted testimony that the call-in procedure at Story was commonplace in the commercial trucking industry, and plaintiff has offered no basis for concluding that Story's procedures in this regard were negligent.

Under 49 C.F.R. § 382.413(b), a motor carrier having actual knowledge that a driver has used a controlled substance may not permit the driver to perform or continue to perform a safety-sensitive function. Section 392.4(b) prohibits a motor carrier from requiring or permitting a driver to operate a commercial motor vehicle while using or under the influence of a controlled substance. There is no evidence to show that Story had knowledge, at any time during Chapman's employment, that Chapman had used a controlled substance. On the contrary, the evidence establishes without contradiction that Chapman withheld this information from Story. Thus, there is no basis on which Story reasonably could be found negligent for having knowingly allowed Chapman to drive while under the influence.

Nor may Story be found negligent on account of its dispatcher's having failed to inquire of Chapman whether he was using drugs while on the road, or because Story otherwise failed to anticipate or discover that Chapman might use drugs while driving or that he had used drugs while driving. There simply is no evidence that Story knew or had reason to know that Chapman had

or would use or drive under the influence of a controlled substance. Prior to becoming employed by Story a mere three months before the subject accident, Chapman had taken and passed the pre-employment drug screen mandated by the FMCSR, § 382.301; and no evidence has been presented to suggest that Story had any indication thereafter that Chapman would take methamphetamine while out on the road. Certainly the suggestion that Story was negligent in failing to ask Chapman whether he was using drugs while on the road, when it had no reason to suspect he might be, is groundless (and Chapman has testified, predictably, that even had he been asked, he would not have disclosed his drug use, stating his drug use was something he "wouldn't have never told [Defendant Story] about [] at all.").

Plaintiff alleges additionally that Story was negligent because it failed to ensure Chapman's familiarity and compliance with the FMCSR, and in particular, with provisions therein prohibiting the use of controlled substances by a commercial motor vehicle driver. However, while Chapman did testify that he had not read the specific provisions of the FMCSR relating to this topic, he also admitted he knew drug use was "illegal." Story's failure to ensure that Chapman knew that it was a violation of the FMCSR to drive a commercial motor vehicle while under the influence of crystal methamphetamine, when it is common knowledge, and was known to Chapman, that it is illegal to ingest crystal

methamphetamine and/or to drive while under the influence of crystal methamphetamine, simply does not amount to negligence, much less gross negligence.

Finally, plaintiff alleges Story independently violated the FMSCR by "knowingly not maintaining driver logs" and "allowing [Chapman] to operate a truck while the truck and [Chapman] were out of service and operating in violation of the Federal Motor Carrier Safety Regulations." There is no evidence to support either allegation. Plaintiff evidently assumes that because Story has been unable to produce Chapman's driver logs from November 1, 2007 through November 14, 2007, the dates of the trip on which the accident occurred, then Story must not have required Chapman to prepare driver's logs. However, Chapman testified that he did, in fact, prepare driver's logs and turn the logs over to Story. Under the FMCSR, Story was required to retain the logs for a period of six months. See § 395.8(k)(1) (providing that "motor carrier shall maintain records of duty status and all supporting documents for each driver it employs for a period of six months from the date of receipt"). Story's inability to produce the logs two-and-a-half years after it was no longer required to retain them is probative of nothing.[5]

[5] In a related vein, plaintiff asserts that "Chapman submitted false hours for driving," and that Story was negligent in failing to ensure his compliance with FMCSR provisions mandating a driver's maintaining accurate driving logs. However, Story correctly points out that plaintiff has offered no evidence

Likewise, there is no evidence to support plaintiff's allegation that Story violated the FMCSR by allowing Chapman to operate a truck while he was "out of service" or disqualified. That is, there is no evidence that Chapman was ever "disqualified" or "out of service." Under the regulations, a driver is only out of service when declared so by a Special Agent of the Federal Motor Carrier Safety Administration, see § 395.13, which never occurred here.

Based on all of the foregoing, the court concludes that plaintiff has failed to identify any genuine issue of material fact on any potential punitive damages claim against Story. Again, as to Story, allegations of Chapman's alleged gross negligence cannot support holding Story liable for punitive damages; thus, plaintiff's concluding argument in its response memorandum is unavailing as to Story. Plaintiff states:

> *Chapman* was knowingly violating FMCSR on a leg of the trip which includes this accident. ... *Chapman's* actions by operating a tractor trailer while under the influence of methamphetamine shows gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others. There exists a question of fact as to whether Mr. Chapman was indeed under the influence on the night of the accident, since he was operating his tractor-trailer having used methamphetamine approximately 50 hours prior. (Emphasis added).

---

to show that Story maintained false logs, or that he failed to maintain accurate logs, at any time during the course of his employment with Story

Even if there may be sufficient evidence of gross negligence by *Chapman* to support the imposition of punitive damages against *Chapman*, his actions cannot be imputed to Story for purposes of imposing punitive damages. And there being no factual basis to support a claim for punitive damages against Story, Story's motion for summary judgment on this claim will be granted.

Accordingly, it is ordered that Story's motion for partial summary judgment is granted.

SO ORDERED this 24th day of July, 2011.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE